### J. H. DEVAXHIER *v.* G. Y. BUFORD.

**Boundaries—Patents—Meanders of River—Accidental Divergence.**

A patent in a survey that calls to run from a point of beginning, with the meanders of a river, necessarily imports that the river is the boundary. And though the courses and distances as designated may not always correspond with the sinuosities of the river, yet, as in all other cases of apparent and generally accidental divergence, the natural boundary controls and defines the land appropiated.

**Adverse Possession—Conflicting Occupancy.**

Without conflicting occupancy, the long possession by residence under an elder grant, claiming possession and use co-extensively with the entire boundary of a patent, is constructively actual and adverse possession to the same extent.

**Same—Statute of Limitations—Right of Action.**

The Statute of Limitations, limiting the right of entry to fifteen years, will not bar an action for recovery of land, in a suit between conflicting patents, and will not begin to run until after the junior patent has been actually obtained, since the plaintiff would have no right of entry or cause of action, until, so obtained.

APPEAL FROM BARREN CIRCUIT COURT.

October 19, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The appellant claiming under a Kentucky patent issued to him in 1846, for 82 acres of land, brought this action of ejectment against the appellee holding under an elder grant issued in 1798. On the trial the jury found for the appellee, and the court overruled a motion for a new trial, rendered a judgment in bar of the action. The appellant had never been actually seized of any portion of the land in controversy, which lies on Barren river. The appellee and those under whom he holds had occupied the land for about fifty years. The true boundary of the elder grant is the principal question litigated in the case. That patent, conformably with the original survey, calls to run from the beginning with the meanders of the river, and that call is not limited to the first station, but is constructively continued to the last—for the call to lie on the river and to run with its meanders first to the mouth of Canoe creek and thence successively to all the other stations necesasrily imports that the river is the boundary all around. And though the courses and distances as designated may not always correspond with the sinuosities of the river, yet, as in all other cases of such apparent and generally accidental divergence, the natural boundary controls and defines the land appropriated. The jury had a right to find that the river is the true patent boundary in this case, and that consequently the appellant's patent is void, because the special law under which it was obtained authorized the appropriation of vacant land *only*.

As there never was any conflicting occupancy, the long possession by residence under the elder grant, claiming possession and use co-extensively with the entire boundary of the patent, was constructively actual and adverse possession to the same extent. No doctrine is more firmly settled in Kentucky.

But, as the appellant had no right of entry or cause of action until he obtained his patent, the Statute of limitations did not sooner commence running against him; and, as the statute limiting his right of entry to fifteen years did not take effect until a few months after he brought his suit, his right of entry was not then barred.

38

But we perceive no substantial error in giving or refusing instructions. Nor was the admission of the bond from Abraham Chapline to his son, for the purpose only of showing the boundary claimed and held to, an available error, for it corresponded with the other evidence which without it was altogether sufficient.

The jury could not have been misled by instructions or evidence. And their verdict is clearly sustained by proof of boundary and of the consequent invalidity of the appellant's title.

It seems to this court, therefore, that the verdict was right, and that the circuit court did not err in over-ruling the motion for a new trial and giving judgment on the verdict.

Wherefore, the judgment is affirmed.

*Underwood*, for appellant.

*Rodman*, for appellee.